UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.  10-cv-30036-MAP

| | |
|---|---|
| DALILA SANTIAGO | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LITTON LOAN SERVICING LP and DEUTSCHE BANK | ) |
| NATIONAL TRUST COMPANY, TRUSTEE FOR | ) |
| REGISTERED HOLDERS OF CBA COMMERICAL | ) |
| ASSETS SMALL BALANCE COMMERCIAL | ) |
| MORTGAGE PASS-THROUGH CERTIFICATE | ) |
| SERIES 2006-1 | ) |
| | ) |
|     Defendants | ) |
| | ) |

**DALILA SANTIAGO'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

**I.  INTRODUCTION AND STATEMENT OF FACTS**

Dalila Santiago commenced this action against the defendants some months after receiving their notice demanding that she pay her rent to the defendants, rather than the owner of her home.  Complaint for Damages of Dalila Santiago,  ¶¶ 9-10 ("Complaint").  The defendants said in the notice that they were taking an assignment of rents and that they had hired a property manager for Ms. Santiago's apartment, who would accept the rents.  *Id.*

Defendant  Litton Loan Servicing LP ("Litton") sent the letter to Ms. Santiago on November 10,  2008.  *Id.* at ¶9.  At that time, Litton informed Ms. Santiago that a property manager for Ms. Santiago's home had been hired on its behalf and on behalf of

1

defendant Deutsche Bank National Trust Company ("Deutsche or Deutsche Bank"), the holder of the former landlord's mortgage. *Id.* at ¶¶4-5, 9-10. As a result, Deutsche Bank became the mortgagee-in-possession and assignee of the rents at 434 Appleton Street in Holyoke in 2008 and 2009. *Id.* ¶¶ 4-5. Deutsche Bank's agent, Litton, acted on behalf of Deutsche when it took an assignment of rents from Ms. Simmons (the owner) and took over property management from her . *Id.* at ¶¶4-5, 9-10

## II. ARGUMENT

### A. STANDARD OF REVIEW

When determining whether to grant a defendant's motion to dismiss, courts accept the well-pleaded facts in a complaint as true. *Ramos-Pinero v. Puerto Rico*, 453 F. 3d 48, 51 (1st Cir. 2006). This court should also indulge all reasonable inferences from these facts. *Id.*

### B. DEFENDANTS IGNORE THE FACTS OF THIS CASE AND THE LANGUAGE OF MASSACHUSETTS STATUTES WHEN THEY CLAIM THAT THE *NEGRON* CASE REQUIRES DISMISSAL

Defendants argue that "Massachusetts …simply does not permit an action such as [the plaintiff's claims] to be asserted against mortgagees prior to a completed foreclosure sale." For this proposition, the defendants rely almost entirely on one case, *Negron v. Gordon*, 373 Mass. 199, 204 (1977), rather than interpreting the individual statutes at hand. Because of this reliance, it is worth discussing briefly the facts and setting of the *Negron* case.

In *Negron*, tenants brought an action against their landlord under M.G.L. c. 111, § 127H to obtain heat and hot water. *Id.* at 200. The trial judge found that the landlord was financially unlikely to be able to repair the property, and the tenants then sought

2

repairs by the mortgagee. *Id.* "Although the [landlord] had violated the mortgage's statutory condition, the bank had not entered into possession of the premises" nor commenced foreclosure proceedings nor made entry to foreclose. *Id.* at 201. As a result, the Court determined that the question on appeal, namely whether the defendant bank in *Negron* was subject to M.G.L. c. 111, § 127N, should be answered in the negative. That was the only question determined by the Supreme Judicial Court.

  As part of its determination, the Court made an explicit caveat:

> In the instant case the mortgagee had not exercised the right to enter the premises on the mortgagor's breach of the statutory condition. As the defendant bank concedes, such an occurrence would have altered significantly the rights of the parties. An entry into possession, even where ineffective to foreclose a mortgage, may nevertheless give the mortgagee possession of the property, as well as the right to collect rents and the duty to make necessary repairs. *Skolnick v. East Boston Savings Bank*, 307 Mass. 1, 6 (1940. *Fletcher v. Bass River Savings Bank*, 182 Mass. 5, 7 (1902). We are not here confronted with a mortgagee in possession. Accordingly we do not interpret the statute in light of that event.

*Id.* at 206, footnote 6. For purposes of the statute at issue, M.G.L. c. 111, § 127N, the Court allowed that a mortgagee actually in possession of an apartment would present a different case, leading potentially to a "duty to make necessary repairs." *Id.*

  The defendants' argument based upon *Negron* has no bearing on this case, given that the Ms. Santiago has asserted that Litton was acting as the property manager and collecting rents for a mortgagee in possession, Deutsche Bank. Complaint at ¶¶4-5, 9-10. The defendants took an assignment of rents. They hired a property manager to collect rents. It is the defendants who used the nomenclature "Property Manager", not the plaintiff. These assertions must be taken as true by the Court. *Id.*

  Additionally, this Court has been presented facts through the Affidavit of Joel Feldman which show that *Litton explicitly claims to have "taken possession" of Ms.*

3

*Santiago's apartment in April, 2009*, and that Litton claims to have made numerous repairs both to the exterior and interior of Ms. Santiago's apartment. Affidavit of Joel Feldman in Support of Motion to Remand the Case to State Court, ¶¶4, 7-8 (filed separately with Ms. Santiago's Motion to Remand). Ms. Santiago requests that the Court consider these additional facts, given that the defendants has brought into its motion facts outside the pleadings, such as the fact that the mortgagor sold the property some months ago.[1]

But the facts already asserted by Ms. Santiago in her complaint are sufficient to show that she has legitimate claims. Under c. 93A, Ms. Santiago has claimed that the defendants violated the State Sanitary Code, 105 CMR ¶ 410. *et. seq*. *Id.* at ¶30 (c). The State Sanitary Code mandates that "owners" must make certain repairs, and defines owner as "a mortgage in possession" or anyone who has "care, charge or control of any dwelling". 105 CMR ¶ 410.020. The defendants hired a property manager for Ms. Santiago's apartment, who at a minimum was empowered to collect rents and to manage the property, which included making repairs. The complaint asserts that the defendants were mortgagees in possession. These allegations are enough to show a violation of the State Sanitary Code to the extent the complaint makes allegations of substandard conditions. *Id.* at ¶¶11, 12, 30.

Similarly, the Attorney General has promulgated regulations covering the landlord/tenant relationship, asserted in paragraph 30 of the complaint, which state that an "owner" of a property (which must repair substandard conditions) includes any entity

---

[1] Should this court determine that more specific factual allegations are necessary to survive a motion to dismiss, Ms. Santiago requests that she be provided some additional time to amend her complaint to include those facts already asserted in the Affidavit of Joel Feldman, as well as any other relevant facts.

which "manages, controls or customarily accepts rent on behalf of the owner".  940 CMR ¶ 3.01.  Ms. Santiago has alleged that the defendants were managing the property, and the defendants have asserted that they hired a property manager.  Additionally, the defendants dictated to Ms. Santiago that she pay rent to them, rather than the owner.  These facts are sufficient to allege a violation of c. 93A and the Attorney General's regulations on the part of the defendants.

The same is true for the claims under c. 186, which are implicated when a "lessor or landlord" violates the quiet enjoyment of a tenant.  The term "landlord", which is different than the term "lessor", must encompass the activities of the defendants here: collecting rents and managing the property.  And the same is true for the remainder of Ms. Santiago's claims—the defendants here were in control of the property as they hired a manager, collected rent, took possession of the property and allegedly repaired it.  None of these things were lawful if the defendants were not, as alleged, mortgagees in possession.

The defendants assert only that they never foreclosed the property.  That is true.  But they have done much else. They demanded payment of rent.  They hired and acted as property manager of Ms. Santiago's apartment.  And they asserted that they were in possession of the apartment.

If M.G.L. c. 111, § 127N were at issue, the defendants would lose their claim that *Negron* dictates the result of this case, because the defendants here did exactly those things which were not done in *Negron*.  They undertook actions which the Supreme Judicial Court found should have changed the result.

But that statute is not at issue here. Instead the statutes at issue cover the actions taken by the defendants, who are "owners" under all of the regulatory definitions. As "owners" in control of the property, the defendants may be liable for the claims of the plaintiff if she can prove the facts she has asserted. For purposes of this motion, all of the facts are to be taken as true. *Ramos-Piñero v. Puerto Rico,* 453 F.3d 48, 51 (1st Cir.2006). As a result, the motion should be denied.

### III.   CONCLUSION

The defendants in this case have acted as "owners" for purposes of the claims brought by Ms. Santiago in her complaint. She brings no claim under M.G.L. c 111, the statute at issue on the appellate question decided by the *Negron* court. As the defendants are subject to the claims actually raised in her complaint, and as they constitute "owners" under the claims raised by her, Ms. Santiago requests that the defendants' Motion to Dismiss be denied.

**REQUEST FOR ORAL ARGUMENT**

Ms. Santiago respectfully requests that oral argument be scheduled for this motion. Ms. Santiago believes that such argument will assist the Court.

                DALILA SANTIAGO
                By her attorney,

| | |
|---|---|
| I hereby certify that a | /s/ Joel Feldman |
| true copy of the above | Joel Feldman |
| document was served upon | BBO # 552963 |
| counsel of record | Heisler, Feldman, |
| by mail | McCormick & Garrow, P.C. |
| | 1145 Main Street, Suite 508 |
| _____. | Springfield MA  01103 |
| | (413)788-7988 |
| _____ | (413)788-7996 (fax) |

Dated:_____

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

                /s/Joel Feldman
                Joel Feldman