UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DALILA SANTIAGO,<br><br>    Plaintiff,<br><br>v.<br><br>LITTON LOAN SERVICING, LP and<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, as TRUSTEE for REGISTERED<br>HOLDERS OF CBA COMMERCIAL ASSETS<br>SMALL BALANCE COMMERCIAL<br>MORTGAGE PASS-THROUGH CERTIFICATE<br>SERIES 2006-1,<br><br>    Defendants. | Civ. No. 3:10-cv-30036-MAP |

## **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendants Litton Loan Servicing, LP ("Litton") and Deutsche Bank National Trust Company, as Trustee[1] ("Deutsche Bank") (together, "Defendants") hereby oppose the motion to remand case to state court (Doc. 4) filed by Plaintiff Dalila Santiago ("Santiago"). Prior to commencing this action, Santiago's counsel issued several letters to Defendants' counsel indicating that he believed Santiago was entitled to recover over $62,000 in damages as a result of certain conduct alleged to have been performed in violation of G. L. c. 93A. She further claimed that she was entitled to recover her attorneys' fees, that these fees already exceeded $6,000, and that these fees would continue to accrue during litigation. Despite these representations, Santiago failed to include a claim for damages in her complaint when she initially filed this action. As a result, Defendants were forced to rely upon her pre-litigation

---

[1] For Registered Holders of CBA Commercial Assets Small Balance Commercial Mortgage Pass-Through Certificate Series 2006-1.

demand for payment when calculating the "amount in controversy" and concluded that, based upon Santiago's counsel's statements and a reasonable estimation of future attorneys' fees, this total sum exceeded the jurisdictional requirement for maintaining federal jurisdiction. The case was subsequently removed. Now, in an effort to remand this case back to state court, Santiago's counsel disavows his prior representations and claims that such statements should be stricken under Fed. R. Evid. 408. Despite Santiago's assertions, ample case law confirms that when a pre-litigation demand for payment and a reasonable estimation of future attorneys' fees is likely to exceed $75,000, this correspondence is admissible to prove the amount in controversy required for this Court to conclude that it has original jurisdiction over this matter. Since the particular amount in controversy is likely to exceed $75,000, this case should remain in the federal court system and Santiago's motion to remand should be denied.

## FACTUAL BACKGROUND

On or about February 8, 2010, Santiago filed a complaint against Litton and Deutsche Bank alleging, among other things, that they engaged in unfair and deceptive acts in violation of G. L. c. 93A with respect to their alleged ownership of property in Holyoke, Massachusetts. *Complaint*, ¶¶ 30-31. She identified herself as a resident of Massachusetts, and Litton as a citizen of Texas. *Complaint*, ¶¶ 3-4. Deutsche Bank is a citizen of California. As part of her complaint, Santiago alleged that Defendants acted willfully and that, as a result, she was entitled to recover "three times the amount of all damages awarded" plus attorneys' fees. *Complaint*, ¶¶ 30-31. Santiago did not include a claim for damages in her complaint. She did, however, send a letter to Defendants' counsel indicating that she "now ha[s] at least $6,000 of attorney's fee time in this case." *See February 8, 2010 Letter*, a true and accurate copy of which is attached hereto as **Exhibit A**.

Defendants had thirty days to remove the matter.  As a result, they reviewed prior correspondence from Santiago's counsel in which he made certain representations regarding the case's value.  Particularly, on May 4, 2009, Santiago's counsel issued a demand letter under G. L. c. 93A in which he claimed that Santiago was entitled to recover a total of $22,200, exclusive of multiple damages and attorneys' fees.  *See May 4, 2009 Demand Letter*, a true and accurate copy of which is attached hereto as **Exhibit B**.  In a letter sent two months later on July 9, 2009, Santiago's counsel represented that Defendants were "now subject to doubling or trebling of our initial offer under c. 93A" and that, as a result, he was demanding $56,520 for abatement of rent and emotional distress, exclusive of attorneys' fees.  *See July 9, 2009 Demand Letter*, a true and accurate copy of which is attached as **Exhibit C**.

Given these representations, Defendants removed the case from state court to this Court on February 16, 2010.  In their Notice of Removal, Defendants claimed diversity jurisdiction and stated the following:

> Although Santiago does not include a specific claim for damages in her complaint, in previous correspondence her counsel has identified these damages as amounting to at least $56,250, exclusive of fees.  Her claimed attorneys' fees amount to $6,000 to date.  Therefore, as of the filing of this complaint, Santiago's claim for damages amounts to at least $62,250.  It is reasonable to assume that Santiago will incur more than $12,750 in attorneys' fees if she were to litigate this matter through trial.  As a result, the amount in controversy exceeds $75,000.

*Notice of Removal*, ¶ 3 (Doc. 1).

## ARGUMENT

There is no dispute that the parties are completely diverse from each other.  Rather, the only two questions presented by this motion are:  (a) whether Defendants can rely upon informal settlement demands to establish the amount in controversy; and (b) if so, whether these demands demonstrate that there may be in excess of $75,000 in controversy.  If both elements are

satisfied, this Court has original jurisdiction over this matter, and Santiago's motion should be denied.  See 28 U.S.C. § 1332.

A.   *Defendants Are Entitled To Rely Upon Plaintiff's Own Settlement Demand To Establish The Amount In Controversy.*

Following a defendant's removal, a court's determination regarding the sufficiency of a stated amount in controversy for purposes of diversity jurisdiction "are governed by an odd set of rules."  McPhail v. Deere & Co., 529 F.3d 947, 952 (10th Cir. 2008).  The removing party bears the burden to demonstrate by a preponderance of the evidence that the amount in controversy is satisfied.  Id.  However, as acknowledged by the Tenth Circuit, a case must be removed by a defendant within thirty days of receipt at a time when "there is little 'evidence' one way or another" concerning the amount in controversy.  Id.  This is particularly true where, as here, the plaintiff has not included a claimed amount as part of his complaint.  Oftentimes, discovery has not commenced prior to removal and, "[e]ven if a defendant immediately were to serve interrogatories or requests to admit upon the plaintiff, many states give the opposing party thirty days or more in which to answer interrogatories."  Id.  "Misunderstood, this system is liable to serious abuse."  Id.

As a result, the Seventh Circuit has recently explained the proper role of the "preponderance of the evidence" standard and how a removing defendant can attempt to satisfy this standard where a complaint is silent as to the particular amount claimed by the plaintiff.  See Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 540-543 (7th Cir. 2006) (Easterbrook, J.); see also McPhail, 529 F.3d at 954.  The Seventh Circuit offered the following approach:

> The removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover.  We have suggested several ways in which this may be done – by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations; by reference to the plaintiff's informal

> estimates or settlement demands; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. The list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant).

Meridian Security Ins. Co., 441 F.3d at 541-542.  Once the estimate as to the amount of controversy has been made, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum."  Id.; McPhail, 529 F.3d at 954.  "If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case."  McPhail, 529 F.3d at 955.

Consistent with this approach, other jurisdictions, including the Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits, have routinely held that removing defendants are entitled to rely upon figures contained in a plaintiff's settlement demand in order to establish the amount in controversy.  See McPhail, 529 F.3d at 956; Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ("[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim"); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994) (settlement letter is relevant to determining amount in controversy); Wilson v. Belin, 20 F.3d 644, 651 n.8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper").  While acknowledging that Federal Rule of Evidence 408 prohibits the use of these informal demands at trial to establish liability, courts consider these documents as "plaintiff's own estimation of its claim" and conclude that they "are a proper

means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." McPhail, 529 F.3d at 956.

In this case, since Santiago's complaint failed to contain an allegation regarding an amount in controversy, Defendants were entitled to rely on the only means available to demonstrate the amount in controversy – plaintiff's prior written representations. Defendants have not attempted to introduce these demand letters as evidence of liability but merely as a means for demonstrating a claimed value of a case. Accordingly, Defendants' use of the settlement communications was proper.

B.   *Santiago's Prior Representations Demonstrate That It Is Not Legally Certain That The Amount In Controversy Will Fall Below The Jurisdictional Minimum.*

In her motion, Santiago does not challenge the general proposition that if a plaintiff is entitled to recover multiple damages and attorneys' fees as part of a contract or statute, then those damages become part of the amount in controversy for purposes of diversity jurisdiction. See Spielman v. Genzyme Corp., 251 F.3d 1, 7 (1st Cir. 2001); Ciardi v. F. Hoffman-LaRoche, Inc., 2000 U.S. Dist. LEXIS 1483, *3 (D. Mass. 2000); Department of Recreation & Sports v. World Boxing Ass'n, 942 F.2d 84, 90 (1st Cir. 1991). In this case, there is no dispute that Santiago has alleged that Defendants have willfully committed an unfair and deceptive act or practice in violation of G. L. c. 93A and that she seeks to recover treble damages and her attorneys' fees. Therefore, the only remaining question is whether the total amount of damages claimed, along with a reasonable estimate of attorneys' fees, exceeds $75,000. See Department of Recreation & Sports, 942 F.2d at 90 (a reasonable estimate of attorneys' fees properly submitted as part of amount in controversy); Sarnoff v. American Home Prods. Corp., 798 F.2d 1075, 1077-1078 (7th Cir. 1986) ("where a litigant has a right, based on contract, statute, or other legal authority, to an award of attorney's fees if he prevails in litigation, a reasonable estimate of

those fees may be included in determining whether the jurisdictional minimum is satisfied"); see also Ciardi, 2000 U.S. Dist. LEXIS 1483 at *3.

In her Chapter 93A demand letter to Defendants, Santiago asserted that she was entitled to recover $22,200, exclusive of multiple damages and attorneys' fees.  Two months later, Santiago's counsel increased his demand under the multiple damages provision of Chapter 93A and demanded a total sum of $56,520, exclusive of attorneys' fees.  Finally, in a letter of February 8, 2010, Santiago's counsel informed Defendants' counsel that he "now ha[s] at least $6,000 of attorney's fee time in this case."  Thus, as of February 8, 2010, it is clear that, according to Santiago's counsel, at least $62,520 was "in controversy."

Santiago does not dispute that her counsel made these assertions.  However, faced with removal to this Court, Santiago now claims that these amounts were simply pretextual in nature – that they were intended only to "jump start" the negotiation process.  In essence, Santiago wishes to overstate her damages where it benefits her, and retract from those statements when they are used against her.  This court should not permit plaintiff to engage in this charade.  Santiago demanded a certain monetary compensation from Defendants by representing to them that she was damaged in this particular amount.  Such a statement is relevant to the amount in controversy, particularly where it seeks to compensate her for emotional distress she allegedly suffered – damages that cannot be proven by any mathematical calculation.  See McPhail, 529 F.3d at 957 (correspondence between counsel establishing plaintiff's view of the amount in controversy is sufficient to demonstrate jurisdictional minimum); Cohn, 281 F.3d at 840 (plaintiff's demand in one settlement letter sufficient to establish jurisdictional minimum).

In addition, this claimed amount was devoid of any estimation to any future attorneys' fees.  It is reasonable to assume that Santiago's attorney will incur at least an additional $12,480

in attorneys' fees (the difference between the amount claimed as damages to date and the jurisdictional minimum) during this litigation. Santiago's attorney claims that he has already incurred at least $6,000 in fees preparing the complaint, issuing written discovery, and engaging in several settlement communications with Defendants. However, since this time, Santiago has already incurred additional fees relating to the drafting of an opposition to Defendants' motion to dismiss, an affidavit of her counsel, and a motion to remand. Going forward, Santiago's counsel will likely incur additional fees in performing the following actions:

- Preparing for and attending oral argument on Defendants' motion to dismiss;
- Engaging in a joint pre-trial conference mandated by Fed. R. Civ. P. 26(f);
- Drafting a pre-trial proposed scheduling order;
- Drafting automatic disclosures;
- Attending a court-mandated initialing scheduling conference;
- Preparing for and attending at least three depositions;
- Responding to written discovery;
- Reviewing responses to written discovery;
- Communications with opposing counsel;
- Communications with his client;
- Opposing an anticipated motion for summary judgment;
- Preparing for and attending oral argument on an anticipated motion for summary judgment;
- Pre-trial preparation; and
- At least one day of trial.

Comments by Santiago's counsel regarding this "remarkably standard substandard conditions case" notwithstanding, it is a reasonable estimation that Santiago's counsel will expend at least

$12,500 in performing this non-exhaustive list of fairly routine litigation practices.  The time required to sit through three anticipated depositions alone could easily exceed $5,000, let alone preparing for these depositions, making at least three court appearances, and trial.

Defendants submit that the $75,000 jurisdictional threshold was satisfied and the removal to federal court was proper.  Since it is not a legal certainty that Santiago's claim for damages is less than $75,000, this Court has original jurisdiction over this matter and Santiago's motion to remand and request for attorneys' fees should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Santiago's motion to remand.

LITTON LOAN SERVICING, LP AND
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE,
By their attorneys,


*/s/ Joseph P. Calandrelli*
Richard E. Briansky, BBO# 632709
rbriansky@princelobel.com
Joseph P. Calandrelli, BBO# 666128
jcalandrelli@princelobel.com
**PRINCE, LOBEL, GLOVSKY & TYE LLP**
100 Cambridge Street, Suite 2200
Boston, MA 02114
Tel:  617.456.8000

Dated:  March 16, 2010

## CERTIFICATE OF SERVICE

I, Joseph Calandrelli, certify that a true and accurate copy of the foregoing document was filed through the Court's ECF system this 16th day of March, 2010 and that electronic notice of same will be delivered to counsel for Santiago.

*/s/ Joseph Calandrelli*

1076011.1                                   - 9 -